— The executrix has been ordered to file a supplemental account with respect to the operations of M. Sylvester, Inc., and the annual audits, balance sheets and profit and loss statements of the corporation. Under the facts in this case such a direction was unwarranted. When the testatrix died in 1934, she owned 200 shares of the corporation and Marie, a daughter and the executrix herein, owned 50 shares. In the will, Marie was given another 75 shares, while 42 shares each were bequeathed to two other daughters, Amelia and Rocca, and the balance of 41 shares to a son, John, the objeetant’s intestate. Thus, since 1934, appellant has been the owner in her individual right of 125 shares, or 50% of the stock of the corporation. The balance of 125 shares passed to the individual legatees upon the death of the testatrix. It is only the owner of the 41 shares — John’s widow—who now objects to the accounts of the executrix. The business of the corporation was never conducted as an estate asset and the executrix, as such, did not own any of the corporate stock. There can be no question that where an estate fiduciary is a controlling stockholder in a corporation by reason of holding such stock in a fiduciary capacity, he can be compelled to disclose the details of the corporate activities (Matter of Auditore, 249 N. Y. 335; Matter of Witkind, 167 Misc. 885, 893; see, also, Matter of Hubbell, 302 N. Y. 246, 254). But in the instant ease control of the corporation did not arise from estate stock, or by virtue of a combination of personally owned and estate stock. The sister Rocca operated the business with the executrix. Between them they owned a total of 167 shares in their individual capacities. Moreover, the other sister, who owns 42 shares, has not objected to the operation of the corporation by appellant. Thus, the record demonstrates that control of the corporation was not exercised by appellant in any fiduciary capacity. Moreover, at no time did she indicate that she was operating the business in her capacity as executrix. There is no significance in the failure to have new. certificates of stock issued to the four children of testatrix. That would have been merely a ministerial act which could have been compelled at any time had demand been made for it. Under the circumstances, therefore, any remedy which the objectant minority stockholder wishes to pursue regarding the operations of the corporation should be sought in the Supreme Court in a proper action. That inquiry should not have been ordered in connection with the accounting of the executrix herein. The orders are reversed, on the law and facts, with costs and disbursements to appellant; the motion to compel an accounting of corporate activities should be denied and the motion by the executrix to dismiss the objections should be granted.
Concur — Botein, P. J., Rabin, Valente, Stevens and Bergan, JJ.